UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEFENDERS OF WILDLIFE<br>1130 Seventeenth Street, N.W.<br>Washington, D.C. 20036<br>(202) 682-9400,<br><br>and<br><br>SIERRA CLUB<br>85 Second Street, 2nd Floor<br>San Francisco, CA  94105<br>(415) 977-5500,<br><br>           Plaintiffs,<br><br>vs.<br><br>BUREAU OF LAND MANAGEMENT<br>1849 C Street, N.W.<br>Washington, D.C.  20240,<br><br>U.S. DEPARTMENT OF THE<br>INTERIOR<br>1849 C Street, N.W.<br>Washington, D.C.  20240,<br><br>U.S. ARMY CORPS OF ENGINEERS<br>441 G Street, N.W.<br>Washington, D.C.  20314-1000,<br><br>and<br><br>U.S. DEPARTMENT OF HOMELAND<br>SECURITY<br>Washington, D.C.  20528,<br><br>           Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case Number:_____<br>)<br>)  **COMPLAINT FOR DECLARATORY**<br>)  **AND INJUNCTIVE RELIEF**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**INTRODUCTORY STATEMENT**

1.This action seeks declaratory and injunctive relief for violations of law by Defendants Bureau of Land Management ("BLM") and Department of the Interior ("DOI") in granting a right-of-way to Defendant U.S. Army Corps of Engineers ("Corps") for construction of a border wall, vehicle barriers and all-weather road on the San Pedro Riparian National Conservation Area ("San Pedro NCA"), located on the U.S.-Mexico international border in southeast Arizona. The San Pedro NCA protects the San Pedro River, one of the last remaining freeflowing rivers in the Southwestern United States, and the rich cultural and biological resources in the river's riparian corridor.

2.Plaintiffs Defenders of Wildlife and Sierra Club challenge BLM's issuance of the right-of-way because: (1) BLM failed to prepare an Environmental Impact Statement ("EIS") under the National Environmental Policy Act, 42 U.S.C. § 4321 *et seq.* ("NEPA"), despite the fact that construction of the border wall, vehicle barriers and road on the San Pedro NCA will have significant environmental impacts; (2) Defendants failed to prepare a comprehensive EIS, despite the fact that they are collectively engaged in simultaneous planning and development of border walls, fences, barriers and related infrastructure at numerous locations along the U.S.-Mexico border in the State of Arizona that will have cumulative and synergistic impacts on the environment in this region; (3) BLM's Border Fence Environmental Assessment ("Border Fence EA") gave inadequate consideration to the environmental impacts of construction of the proposed wall, barriers and road, including impacts on sub-tropical species which reach the northern extent of their ranges within the San Pedro NCA and surrounding area and thus will potentially be eliminated from the United States by the construction, did not adequately consider reasonable alternatives, and did not consider the potential cumulative impacts of the wall construction on the San Pedro NCA with other ongoing or proposed border wall construction in the region; (4) BLM did not provide public notification, opportunity for

comment, or other opportunity for public involvement on the Border Fence EA; and (5) BLM did not consider whether construction of the border wall and road comported with its duty under the Idaho-Arizona Conservation Act of 1988, 100 P.L. 696, 102 Stat. 4571, to manage the San Pedro NCA in a manner that "conserves, protects, and enhances" the riparian area and cultural and natural resources within the NCA. Defendants' actions thus violate the National Environmental Policy Act, and the Idaho-Arizona Conservation Act of 1988, and are arbitrary, capricious, and otherwise contrary to law, in violation of the Administrative Procedure Act, 5 U.S.C. § 706 ("APA").

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1361, because the Complaint alleges violations of the laws of the United States and seeks to compel Defendants to perform duties owed to Plaintiffs. The Court also has jurisdiction over this action pursuant to 5 U.S.C. § 701 *et seq.*, because the Complaint seeks judicial review of action taken by one or more agencies of the United States.

4. Venue is proper in this Court under 28 U.S.C. § 1391(e), because Defendants are agencies of the United States and reside in the District of Columbia.

## PARTIES

5. Plaintiff Defenders of Wildlife ("Defenders") is a national, nonprofit membership organization with more than 500,000 members dedicated to the protection of all native animals and plants in their natural communities, with its headquarters in Washington, D.C. Defenders' mission is to preserve wildlife and emphasize appreciation and protection for all species in their ecological role within the natural environment through education, advocacy, and other efforts. Defenders maintains a Field Office with five full-time employees in Tucson, Arizona, and has more than 5,000 active members in the state.

6.      Defenders has organizational and membership-based interests in the preservation and conservation of the San Pedro NCA and the borderlands of the Southwestern United States that will be harmed by construction of the border wall and road at issue in this case.  For more than a decade, Defenders has worked for the protection of borderland wildlife, including threatened or endangered species such as the Sonoran pronghorn, northern jaguar, and cactus ferruginous pygmy-owl, and for proper management of federal lands within the "Sky Island" and Sonoran desert ecosystems that predominate along the Arizona border.  Defenders has played a leading role in efforts to educate the public and advocate for better integration of environmental considerations into immigration policy generally, and into border security efforts specifically.  Defenders' efforts have included the 2006 publication of a report, *On the Line: The Impacts of Immigration Policy on Wildlife and Habitat in the Arizona Borderlands*, which featured the San Pedro NCA on its cover, and the convening of an annual collaborative meeting of borderlands stakeholders in an effort to formulate solutions to the issue of border security and its effect on the natural environment, culminating this year in the publication of *Addressing the Impacts of Border Security Activities on Wildlife and Habitat in Southern Arizona: Stakeholder Recommendations*.

7.      Defenders' members live near and regularly visit the San Pedro NCA for wildlife observation, recreation, and other uses.  Defenders' members have aesthetic, educational, professional, health, and spiritual interests that will be harmed by the environmental impacts that will result from BLM's grant of a right-of-way to the Corps for the construction of a border wall and road within the San Pedro NCA.

8.      Sierra Club is a non-profit national organization with more than 1.2 million members dedicated to exploring, enjoying, and protecting the wild places of the earth, practicing and promoting the responsible use of the earth's ecosystems and resources, educating and enlisting humanity to protect and restore the quality of the natural and human environment, and using all lawful means to carry out these objectives.

Sierra Club's headquarters is in San Francisco, California.  Sierra Club's Grand Canyon Chapter has 14,000 members in Arizona, and maintains offices in Phoenix and Flagstaff.

9. Sierra Club's members reside near and regularly visit the San Pedro NCA to engage in outdoor recreation, wildlife observation, scientific and other activities. Sierra Club's members have aesthetic, educational, professional, health, and spiritual interests that will be harmed by the environmental impacts that will result from BLM's grant of a right-of-way to the Corps for the construction of a border wall and road within the San Pedro NCA.

10. Defendant BLM is an agency of the Department of the Interior, responsible for the administration and management of the San Pedro NCA, and for ensuring that no actions are taken that do not further the San Pedro NCA's primary purposes, which include the conservation, protection, and enhancement of the NCA's riparian area as well as its aquatic, wildlife, archeological, paleontological, scientific, cultural, educational, and recreational resources.

11. Defendant U.S. Department of the Interior ("DOI") is a cabinet-level agency of the executive branch.  The parent agency of BLM, DOI is responsible for the administration, management, and protection of our Nation's federal lands, including those administered by the BLM, National Park Service, and U.S. Fish and Wildlife Service.

12. Defendant Corps is an agency of the Department of Defense, and applied on behalf of the Department of Homeland Security for the perpetual right-of-way on the San Pedro NCA in order to undertake construction of the border wall and road at issue in this case.

13. Defendant Department of Homeland Security is a cabinet-level agency of the executive branch, and is responsible, *inter alia*, for the administration of laws relating to immigration, including border security.

## FACTUAL ALLEGATIONS

14.     The San Pedro River is a unique and invaluable environmental resource—a free-flowing river whose perennial flow is now a rare occurrence in the Southwest. In 1988, approximately 40 miles of the upper San Pedro River corridor administered by the BLM was designated by Congress as the nation's first Riparian National Conservation Area, and the river and its larger watershed are widely recognized as one of the most biologically diverse areas in North America. The San Pedro is particularly renowned for its avian diversity; in addition to attracting tens of thousands of birders each year, it was recognized by the National Audubon Society as its first Globally Important Bird Area and designated as a World Heritage Natural Area by the United Nations World Heritage Program. The San Pedro River and its watershed provide habitat for a great diversity of mammals, reptiles, insect, and plant species. A bi-national resource, the headwaters of the San Pedro begin near the town of Cananea, Sonora, Mexico, and the river flows approximately 25 miles before crossing the U.S.-Mexico border and into the San Pedro NCA.

15.     On August 10, 2007, the Corps submitted a right-of-way application on behalf of Department of Homeland Security ("DHS") to build "pedestrian fencing" and an all-weather road along the San Pedro NCA's southern boundary.

16.     On August 31, 2007, without public notification or opportunity for public comment, BLM issued the "Final" Border Fence EA, Decision Record, and Finding of No Significant Impact ("FONSI"). BLM's decision authorizes construction of a 14-17 foot high wall along the entire two mile southern boundary of the San Pedro NCA, except for 1,490 feet within the river and its floodplain and a historic corral area, where "temporary vehicle barriers" will be installed, and 275 feet in five dry washes along the NCA boundary, in which permanent vehicle barriers would be installed rather than a wall. Under BLM's decision, the "temporary" vehicle barriers would apparently be removed by crane during periods of seasonal flooding.

17. The proposed border wall and vehicle barriers will cross the San Pedro River and its floodplain, as well as 30 ephemeral drainages to the east of the River, and 36 ephemeral drainages to the west of the River. Field observations of border walls constructed in adjacent areas indicate that the construction will result in bank erosion, channel incision, and sedimentation into the San Pedro River, which may cause the River to adjust laterally, causing bank failure and loss of riparian vegetation.

18. Construction of the wall will also irreparably harm wildlife. Many subtropical mammal species reach the northern extent of their ranges in this area, including jaguars, ocelots, white-nosed coatis, hooded skunks, Mexican fox squirrels, Merriam's deermice, Coue's deer, white-sided jackrabbits, and the Sonoran subspecies of the Virginia opossum, as well as a large variety of birds and reptiles, and a diverse flora. *See* Haas Declaration at ¶ 5. Because the biological integrity of the wildlife populations in this region relies on genetic interchange, construction of border fencing and roads presents serious threats to long-term survival of wildlife on the border. *Id.* at ¶ 13.

19. On October 1, 2007, Plaintiffs Defenders of Wildlife and Sierra Club filed an administrative appeal of the BLM's decision with the Interior Board of Land Appeals ("IBLA"). Plaintiffs also submitted a Petition for Stay, and requested that BLM exercise its discretion to suspend its decision during the 45-day period in which the IBLA has to respond to such petitions.

20. On October 3, 2007, Plaintiffs learned that the Corps or a private contractor had commenced construction and ground-disturbing activities related to construction of the proposed border wall and/or the road on the San Pedro NCA. Plaintiffs immediately contacted counsel for BLM to seek information on the construction activity and to ask again for a halt to construction during the IBLA's consideration of Plaintiffs' Petition for Stay. Plaintiffs subsequently informed counsel for the Department of the Interior and the Department of Justice of their intention to seek

immediate injunctive relief to halt the ongoing construction pending consideration of their legal claims.

# FIRST CLAIM

## Failure to Prepare an Environmental Impact Statement

21.     Paragraphs 1 through 20 are fully incorporated into this paragraph.

22.     NEPA requires each federal agency to prepare and circulate for public review and comment a detailed Environmental Impact Statement ("EIS") prior to undertaking any major federal action that may significantly affect the quality of the human environment.  42 U.S.C. § 4332(2)(C).

23.     BLM's issuance of a right-of-way for construction of a border wall and all-weather road along the U.S.-Mexico border in the San Pedro NCA will cause severe and irreparable harm to the San Pedro River and its watershed, as well as wildlife and other natural resources within the San Pedro NCA.  Construction of the wall, vehicle barriers and road will cause increased sedimentation and erosion into the San Pedro River, potentially resulting in significant changes in the river's course and hydrology, bank failure and loss of riparian vegetation.  Construction of the wall, vehicle barriers, and road will also cause severe and irreparable harm to wildlife, severing and preventing natural migration of wildlife populations along the U.S.-Mexico border, and threatening their genetic viability and long-term survival.  BLM's action will thus significantly affect the quality of the human environment.

24.     BLM violated NEPA when it failed to prepare an EIS before deciding to issue the right-of-way to the Corps for construction of the border wall and road.  BLM's FONSI, and its failure to prepare an EIS, are arbitrary, capricious, and otherwise contrary to law, in violation of the APA, 5 U.S.C. § 706.

## SECOND CLAIM

### Failure to Prepare a Programmatic Environmental Impact Statement

25. Paragraphs 1 through 20 are fully incorporated into this paragraph.

26. NEPA requires federal agencies proposing to undertake comprehensive actions for development of a region, or proposing to undertake a series of related actions within a region that will have cumulative and synergistic impacts on the environment, to consider and disclose the environmental impacts of such actions in a comprehensive EIS.

27. Defendants are engaged in the simultaneous planning and development of projects to construct walls, fences, and other barriers, along with related infrastructure such as roads, at numerous locations along the U.S.-Mexico border in the State of Arizona. Construction of these projects will have significant individual, cumulative, and synergistic effects on wildlife and other natural resources within this region.

28. Defendants are violating NEPA by failing to prepare a comprehensive EIS considering and disclosing the individual, cumulative and synergistic impacts of their actions to build walls, fences, or other barriers, and related infrastructure such as roads, along the U.S.-Mexico border in the State of Arizona. Defendants' failure to prepare a comprehensive EIS is arbitrary, capricious, and otherwise contrary to law, in violation of the APA, 5 U.S.C. § 706.

## THIRD CLAIM

### Failure to Prepare an Adequate Environmental Assessment

29. Paragraphs 1 through 20 are fully incorporated in this paragraph.

30. NEPA, and regulations promulgated by the Council on Environmental Quality and by federal agencies to implement that Act, require federal agencies to assess the potential environmental effects of a proposed action in an environmental assessment in order to determine whether an EIS should be prepared for such actions and otherwise to assist the agency in complying with NEPA's purposes.

31. BLM's Border Fence EA gave inadequate consideration to the potential environmental impacts of the Corps' construction of a border wall, barriers, and road within the San Pedro NCA. Among other flaws, BLM's EA failed to consider adequately impacts on wildlife, such as sub-tropical species that reach the northern extent of their ranges within the San Pedro NCA and surrounding area and thus will potentially be eliminated from the United States by the construction, did not adequately consider reasonable alternatives, and failed to consider the likely and foreseeable cumulative impacts that the proposed construction within the San Pedro NCA will have, when taken together with other proposed and constructed walls, fences, barriers, and related infrastructure along the U.S.-Mexico border in the State of Arizona, on wildlife and other natural resources in the region.

32. BLM's reliance on its EA to inform itself of the potential environmental impacts of its proposed issuance of the right-of-way to the Corps, and to determine whether to prepare an EIS in connection with that action, violated NEPA and the regulations implementing that Act, and was arbitrary, capricious, and otherwise contrary to law, in violation of the APA, 5 U.S.C. § 706.

**FOURTH CLAIM**

**Failure to Provide Appropriately for Public Involvement in Environmental Review**

33. Paragraphs 1 through 20 are fully incorporated in this paragraph.

34. NEPA, and regulations promulgated by the Council on Environmental Quality and by federal agencies to implement that Act, require federal agencies to encourage and facilitate public involvement in decisions that affect the quality of the human environment, to involve the public in implementing agencies' NEPA procedures, and to involve the public in the preparation of EAs.

35. BLM issued its EA and FONSI in this case without any notice to the public, any attempt to obtain public input on the public values and uses of the San Pedro

NCA that could be affected by construction of the proposed border wall, barriers, and road, or any opportunity for the public to comment on the proposed construction and its potential impacts. BLM's issuance of its EA and FONSI without any public involvement violates NEPA and regulations promulgated by the Council on Environmental Quality and by federal agencies to implement that Act, and was arbitrary, capricious, and otherwise contrary to law, in violation of the APA, 5 U.S.C. § 706.

### FIFTH CLAIM
### Violation of the Arizona-Idaho Conservation Act of 1988

36.   Paragraphs 1 through 20 are fully incorporated in this paragraph.

37.   The Arizona-Idaho Conservation Act of 1988, 100 P.L. 696, 102 Stat. 4571, established the San Pedro NCA, and charged the BLM with managing the area "in a manner that conserves, protects, and enhances the riparian area and the aquatic, wildlife, archeological, paleontological, scientific, cultural, educational, and recreational resources of the conservation area." 16 U.S.C. § 460xx-1(a). The Act directs BLM to "only allow such uses of the conservation area as [it] finds will further [these] primary purposes." 16 U.S.C. § 460xx-1(b).

38.   BLM's issuance of a right-of-way to the Corps to construct the proposed border wall and road will have serious adverse effects on the San Pedro River, its riparian area, and on wildlife and other resources protected within the San Pedro NCA. BLM's EA and associated decision documents do not acknowledge the agency's duty under the Arizona-Idaho Conservation Act of 1988 to "conserve, protect, and enhance" the natural and cultural resources of the San Pedro NCA, and do not consider how its issuance of the right-of-way comports with that duty. BLM's issuance of the right-of-way thus violated its mandatory duty under the Arizona-Idaho Conservation Act of 1988, and was arbitrary, capricious, and otherwise contrary to law, in violation of the APA, 5 U.S.C. § 706.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that the Court:

    (1)    Declare that Defendants have violated NEPA, the Arizona-Idaho Conservation Act of 1988, and the Administrative Procedure Act;

    (2)    Order Defendants to prepare an EIS assessing and disclosing the environmental impacts that will be caused by construction of the proposed border wall, vehicle barriers and permanent road on the San Pedro NCA, and considering reasonable alternatives to the proposed wall, vehicle barriers and road, in accordance with NEPA;

    (3)    Order Defendants to prepare a programmatic EIS assessing and disclosing the environmental impacts, including cumulative impacts, that will be caused by construction of all currently planned or foreseeable construction of walls, fences, or other barriers and related infrastructure along the U.S.-Mexico border in the State of Arizona, and considering reasonable alternatives to such walls, fences, or barriers and infrastructure, in accordance with NEPA;

    (4)    Rescind the right-of-way issued by BLM to the Corps on August 31, 2007;

    (5)    Enjoin BLM from issuing a right-of-way to the Corps or other parties for construction of a border wall or road within the San Pedro NCA until Defendants prepare the EISs sought in paragraphs (2) and (3) of this request for relief, and otherwise comply fully with all applicable laws;

    (6)    Enjoin Defendants from constructing any border wall, fence, or other barrier, and any related infrastructure, along the U.S.-Mexico border in the State of Arizona until Defendants prepare the EIS sought in paragraph (3) of this request for relief, and otherwise comply with fully with all applicable laws;

    (7)    Award Plaintiffs their costs and reasonable attorney fees in this action; and

(8)     Grant such other and further relief as the Court may deem just and proper.


Date: October 4, 2007          Respectfully submitted,


_____
Brian Segee, D.C. Bar No. 492098
Defenders of Wildlife
1130 17th Street, N.W.
Washington, D.C. 20036
(202) 682-9400



_____
Robert G. Dreher, D.C. Bar No. 398722
Defenders of Wildlife
1130 17th Street, N.W.
Washington, D.C.  20036
(202) 682-9400


Counsel for Plaintiffs
Defenders of Wildlife and Sierra Club

07-1801 ESH

# CIVIL COVER SHEET
JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
DEFENDERS OF WILDLIFE; and SIERRA CLUB

1001

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __D.C.__
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS
BUREAU OF LAND MANAGEMENT; U.S. DEPARTMENT OF THE INTERIOR; U.S. DEPARTMENT OF HOMELAND SECURITY; and U.S. ARMY CORPS OF ENGINEERS

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

## (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Brian Segee
Defenders of Wildlife
1130 17th Street, NW
Washington, DC 20036
(202)682-9400

Bob Dreher
Defenders of Wildlife
1130 17th Street, NW
Washington, DC 20036
(202)682-9400

## ATTORNEYS (IF KNOWN)

Case: 1:07-cv-01801
Assigned To : Huvelle, Ellen S.
Assign. Date : 10/5/2007
Description: TRO/PI

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
◉ 2 U.S. Government Defendant
○ 3 Federal Question (U.S. Government Not a Party)
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

○ **A.** *Antitrust*
☐ 410 Antitrust

○ **B.** *Personal Injury/Malpractice*
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C.** *Administrative Agency Review*
☐ 151 Medicare Act
Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☒ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

☒ **D.** *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E.** *General Civil (Other)* OR ○ **F.** *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

(6)

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⊙ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Filed under 5 U.S.C. section 702, violations of NEPA and Arizona-Idaho Conservation Act of 1988

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23  DEMAND $ _____ Check YES only if demanded in complaint
JURY DEMAND: YES ☐ NO ☒

**VIII. RELATED CASE(S) IF ANY** (See instruction) YES ☐ NO ☒ If yes, please complete related case form.

DATE 10/5/07    SIGNATURE OF ATTORNEY OF RECORD _____

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.