IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEFENDERS OF WILDLIFE and SIERRA CLUB; <br><br> Plaintiffs <br><br> v. <br><br> U.S. DEPARTMENT OF THE INTERIOR; U.S. BUREAU OF LAND MANAGEMENT; UNITED STATES ARMY CORPS OF ENGINEERS; AND U.S. DEPARTMENT OF HOMELAND SECURITY <br><br> Defendants. | Case No. 1: 07-CV-01801 (ESH) |

**DEFENDANTS' CONSOLIDATED MOTION TO DISMISS COMPLAINT
AND DISSOLVE INJUNCTION FOR FAILURE TO STATE A CLAIM
AND MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT THEREOF**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEFENDERS OF WILDLIFE and<br>SIERRA CLUB;<br><br>    Plaintiffs<br><br>v.<br><br>U.S. DEPARTMENT OF THE INTERIOR;<br>U.S. BUREAU OF LAND MANAGEMENT;<br>UNITED STATES ARMY CORPS OF<br>ENGINEERS; AND U.S. DEPARTMENT<br>OF HOMELAND SECURITY<br><br>    Defendants. | Case No. 1: 07-CV-01801 (ESH) |

**DEFENDANTS' MOTION TO DISMISS COMPLAINT
AND DISSOLVE INJUNCTION FOR FAILURE TO STATE A CLAIM**

During its 17 October 2007 status conference, the Court alerted the parties that, upon invocation by the Secretary of the U.S. Department of Homeland Security ("Homeland Security" or "Secretary") of his authority to "waive all legal requirements" delaying "expeditious construction of the barriers and roads" challenged here, this Court would immediately (1) dissolve the temporary restraining order entered on 10 October 2007 and (2) suspend all deadlines set previously that govern future injunctions or merits briefing and the related submission of the administrative record. See Section 102(c) of Pub. L. 104-208, as amended P.L 109-367, Sec. 3, codified at 8 U.S.C. § 1103 ("Border Fence Act").

1

As of today, the Secretary has invoked and applied his statutory waiver authority under the Border Fence Act to the public lands at issue here. Attachment 1 (waiver determination signed by the Hon. Michael Chertoff, Secretary of the U.S. Department of Homeland Security). Given this waiver determination, plaintiffs' complaint now rests entirely on statutory requirements that the Secretary has duly suspended under the waiver authority that the Border Fence Act and other federal laws have conferred on him alone.

Therefore, pursuant to Rules 12(b)(1) and (6), Fed. R. Civ. P., federal defendants respectfully move the Court to both dissolve its temporary restraining order and dismiss plaintiffs' complaint. A memorandum of law follows.

Respectfully submitted,

GREGORY D. PAGE, DC Bar 398121
Environment and Natural Resources
    Division
U.S. Department of Justice
P.O. Box 663
Washington, D.C. 20044-0663
Telephone: (202) 305-0446
Attorney for the Federal Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEFENDERS OF WILDLIFE and <br> SIERRA CLUB; <br><br> Plaintiffs <br><br> v. <br><br> U.S. DEPARTMENT OF THE INTERIOR; <br> U.S. BUREAU OF LAND MANAGEMENT; <br> UNITED STATES ARMY CORPS OF <br> ENGINEERS; AND U.S. DEPARTMENT <br> OF HOMELAND SECURITY <br><br> Defendants. | Case No. 1: 07-CV-01801 (ESH) |

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF THEIR MOTION TO DISMISS COMPLAINT
AND DISSOLVE INJUNCTION FOR FAILURE TO STATE A CLAIM**

**I. INTRODUCTION**

    The Secretary of the U.S. Department of Homeland Security ("the Secretary") has now invoked his waiver authority under the Border Fence Act and other statutes to suspend all laws delaying the "expeditious construction of the barriers and roads" challenged here. See Section 102(c) of Pub. L. 104-208, as amended P.L 109-367, Sec. 3, codified at 8 U.S.C. § 1103 ("Border Fence Act"); see also Attachment A (waiver determination signed by the Hon. Michael Chertoff, Secretary of the U.S. Department of Homeland Security).

As shown below, the statutory waiver authority invoked by the Secretary is plenary. Therefore, this Court must dissolve its injunction and dismiss plaintiffs' complaint.

## II. STATUTORY AND REGULATORY BACKGROUND

### A. IIRIRA

The Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 8 U.S.C. § 1103 (note), as originally enacted, reflected a concerted effort by Congress to halt illegal immigration. Section 102(a) of IIRIRA required "the Attorney General . . . [to] take such actions as may be necessary to install additional physical barriers and roads (including the removal of obstacles to detection of illegal entrants) in the vicinity of the United States border to deter illegal crossings in areas of high illegal entry into the United States." Id. § 102(a).

### B. THE HOMELAND SECURITY ACT OF 2002

Under the Homeland Security Act of 2002, the Secretary is responsible for the construction of border barriers. Pub. L. No. 107-296; see also Pub. L. No. 108-7, Division L, § 105. The Act essentially created Homeland Security from other departments, abolished the former Immigration and Naturalization Service, and transferred Border Patrol functions to the Under Secretary for Border and Transportation Security at Homeland Security. See 6 U.S.C. §§ 251, 291. The Act also amended IIRIRA to state that the Secretary of the U.S. Department of Homeland Security has the power and duty to control and guard U.S. borders against illegal entry. 8 U.S.C. §1103(a)(5).

### C.  THE REAL ID ACT OF 2005

In 2005, as part of the REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, 8 U.S.C. § 1103 Note, Congress substantially broadened the IIRIRA waiver provision by providing that, "[n]otwithstanding any other provision of law, the Secretary may "waive all legal requirements" that he determines, in his "sole discretion," are "necessary to ensure expeditious construction" of the barriers and roads authorized under Section 102(c) of IIRIRA. See id. § 102(c)(1).  This language makes the Secretary's waiver effective upon publication in the Federal Register.  It also limits judicial review of the Secretary's invocation of his waiver authority to alleged violations of the Constitution (if brought within 60 days of the date of the action, i.e. the Federal Register publication date). Id. § 102(c)(1), (2).  District courts have exclusive jurisdiction over such challenges, id. § 102(c)(2)(A), and the only appellate review is directly to the Supreme Court (upon petition for a writ of certiorari). Id. § 102(c)(2)(C).

### D.  THE SECURE FENCE ACT OF 2006

With the enactment of the Secure Fence Act of 2006, Congress substantially revised section 102(b) of the IIRIRA to clarify that the barriers authorized under section 102(b) consisted of not only fencing, but also "additional physical barriers, roads, lighting, cameras, and sensors."  Id.  Section 102 also directed the construction of fencing and physical barriers along five specific stretches of the border, including one "extending from 10 miles west of the Calexico, California, port of entry to 5 miles east of the Douglas,

Arizona, port of entry," (i.e. the Yuma Barrier).  Id. at § 102(b)(1)(A)(ii).

### E. THE SECRETARY'S INVOCATION OF HIS WAIVER AUTHORITY HERE

Secretary Michael Chertoff exercised his waiver authority on 19 October 2007. His waiver determination governs an area of the United States border that includes the public lands at issue here.  Attachment 1.  The Secretary's waiver governs

> the area in the vicinity of the United States border from approximately 4.75 miles west of the Naco, Arizona Port of Entry to the western boundary of the San Pedro Riparian National Conservation Area...in southeastern Arizona[,] including the lands covered by the Temporary Restraining Order ...signed by Judge Ellen S. Huvelle on October 10, 2007, in the case of Defenders of Wildlife et al. v. Bureau of Land Management, et al., Case 1:07-cv-01801-ESH.

Attachment 1 at 1.

The Secretary also determined that this area "is an area of high illegal entry," and he expressly waived numerous environmental and other statutes, including those applicable here.  Attachment 1 at 1-2 (waiving "National Environmental Policy Act," the "Arizona-Idaho Conservation Act of 1988," and the "Administrative Procedure Act").

## III. ARGUMENT

### THE SECRETARY'S WAIVER AUTHORITY IS PLENARY AND DISPOSITIVE HERE

Congress has provided that invocation of the waiver authority described above is a plenary power of the Secretary.

> Notwithstanding any other provision of law, the Secretary of Homeland Security shall have the authority to waive all legal requirements [where] such Secretary [determines], in such Secretary's sole discretion, [that this waiver is]

4

> necessary to ensure expeditious construction of the barriers and roads under this section.

Pub. L. No. 109-13, 119 Stat. 231, 8 U.S.C. § 1103 Note, § 102(c)(1).

Plaintiffs rest their complaint entirely on both statutory claims and corresponding requirements that the Secretary has duly suspended under his waiver authority. Generally invoking the Administrative Procedure Act ("APA"), plaintiffs raise four distinct claims under the National Environmental Policy Act ("NEPA") and one under the Arizona-Idaho Conservation Act of 1988 ("Conservation Act"). Complaint for Declaratory and Injunctive Relief at ¶¶ 24 (first NEPA claim), 28 (second NEPA claim), 32 (third NEPA claim), 35 (fourth NEPA claim), and 38 (Conservation Act claim).

As mentioned above, supra at 5, the Secretary has duly suspended the requirements of these statutes, among others, in an area of the U.S. border that also includes the public land at issue in this case. Attachment 1 at 1-2. This Court consequently does "not have jurisdiction to hear" plaintiffs' claims. Pub. L. No. 109-13, 119 Stat. 231, 8 U.S.C. § 1103 Note, § 102(c)(2).

Therefore, pursuant to Rules 12(b)(1) and (6), Fed. R. Civ. P., this Court must dismiss plaintiffs' Complaint for Declaratory and Injunctive Relief, dissolve its injunction, and also dissolve both the merits briefing and related administrative record deadlines previously adopted by it.

Respectfully submitted,

_____
GREGORY D. PAGE, D.C. Bar 398121
Environment and Natural Resources
    Division
U.S. Department of Justice
P.O. Box 663
Washington, D.C. 20044-0663
Telephone: (202) 305-0446
Attorney for the Federal Defendants

## CERTIFICATE OF SERVICE

I certify that true and correct copies of the foregoing Defendants' Motion to Dismiss Complaint and Dissolve Injunction for Failure to State a Claim and a supporting memorandum of law were served on 22 October 2007 by electronic filing to:

>Robert G. Dreher
>Brian Segee
>Defenders of Wildlife
>1130 17th Street, N.W.
>Washington, D.C. 20036

_____
Gregory D. Page

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DEFENDERS OF WILDLIFE and SIERRA CLUB;<br><br>Plaintiffs<br><br>v.<br><br>U.S. DEPARTMENT OF THE INTERIOR; U.S. BUREAU OF LAND MANAGEMENT; UNITED STATES ARMY CORPS OF ENGINEERS; AND U.S. DEPARTMENT OF HOMELAND SECURITY<br><br>Defendants. | Case No. 1: 07-CV-01801 (ESH) |

**ORDER**

Having reviewed both federal defendants' Consolidated Motion to Dismiss Complaint and Dissolve Injunction for Failure to State a Claim, filed under Rules 12(b)(1) and (6), Fed. R. Civ. P., and plaintiffs' response to it, the Court hereby dissolve its temporary restraining order, dismisses plaintiffs' complaint, and also dissolves both the merits briefing and related administrative record deadlines previously adopted by it.

_____
Ellen Segal Huvelle
U.S. District Judge

# ATTACHMENT A

DEPARTMENT OF HOMELAND SECURITY

Office of the Secretary

Determination Pursuant to Section 102 of the
Illegal Immigration Reform and Immigrant Responsibility Act of 1996
as Amended by Section 102 of the REAL ID Act of 2005
and as Amended by the Secure Fence Act of 2006

AGENCY: Office of the Secretary, Department of Homeland Security

ACTION: Notice of determination.

SUMMARY: The Secretary of Homeland Security has determined, pursuant to law, that it is necessary to waive certain laws, regulations and other legal requirements in order to ensure the expeditious construction of physical barriers and roads in the vicinity of the international land border of the United States in Arizona.

DATES: This Notice is effective on [INSERT DATE OF PUBLICATION IN THE FEDERAL REGISTER].

DETERMINATION AND WAIVER:

In section 102(a) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Public Law 104-208, Div. C, 110 Stat. 3009-546, 3009-554 (Sept. 30, 1996) (IIRIRA) (8 U.S.C. 1103 note (2000)), Congress provided that the Attorney General shall take such actions as may be necessary to install additional physical barriers and roads (including the removal of obstacles to detection of illegal entrants) in the vicinity of the United States border to deter illegal crossings in areas of high illegal entry into the United States. Pursuant to sections 1511 and 1517 of the Homeland Security Act of 2002, Public Law 107-296, 116 Stat. 2135, 2309, 2311 (Nov. 25, 2002) (HSA) (6 U.S.C. 551, 557), the authorities of the Attorney General contained in section 102 of the IIRIRA were transferred to me. In section 102(c) of the IIRIRA, as amended by section 102 of the REAL ID Act of 2005, Public Law 109-13, Div. B, 119 Stat. 231, 302, 306 (May 11, 2005) (REAL ID Act) (8 U.S.C. 1103 note), Congress granted to me the authority to waive all legal requirements that I, in my sole discretion, determine necessary to ensure the expeditious construction of barriers and roads under section 102 of IIRIRA.

I determine that the area in the vicinity of the United States border from approximately 4.75 miles west of the Naco, Arizona Port of Entry to the western boundary of the San Pedro Riparian National Conservation Area (SPRNCA) in southeastern Arizona including the lands covered by the Temporary Restraining Order (TRO) signed by Judge Ellen S. Huvelle on October 10, 2007, in the case of Defenders of Wildlife et al v. Bureau of Land Management et al, Case 1:07-cv-01801-ESH, is an area of high illegal entry. There is presently a need to construct fixed and mobile barriers (such as fencing, vehicle barriers, towers, sensors, cameras, and other surveillance, communication, and detection

equipment) and roads in the vicinity of the border of the United States. In order to ensure the expeditious construction of the barriers and roads that Congress prescribed in the IIRIRA in the area starting approximately 4.75 miles west of the Naco, Arizona Port of Entry to the western boundary of the SPRNCA and any and all land covered by the TRO, which is an area of high illegal entry into the United States, I have determined that it is necessary that I exercise the authority that was transferred to me by sections 1511 and 1517 of the HSA and that is vested in me by section 102(c) of the IIRIRA as amended by section 102 of the REAL ID Act. Accordingly, I hereby waive in their entirety, with respect to the construction of roads and fixed and mobile barriers (including, but not limited to, accessing the project area, the conduct of earthwork, excavation, fill, and site preparation, and installation and upkeep of fences, roads, supporting elements, drainage, erosion controls, safety features, surveillance, communication, and detection equipment of all types, radar and radio towers, and lighting) in the area starting approximately 4.75 miles west of the Naco, Arizona Port of Entry to the western boundary of the SPRNCA and any and all land covered by the TRO, all federal, state, or other laws, regulations and legal requirements of, deriving from, or related to the subject of, the following laws, as amended: The National Environmental Policy Act (Pub. L. 91-190, 83 Stat. 852 (Jan. 1, 1970) (42 U.S.C. 4321 et seq.)), the Endangered Species Act (Pub. L. 93-205, 87 Stat. 884 (Dec. 28, 1973) (16 U.S.C. 1531 et seq.)), the Federal Water Pollution Control Act (commonly referred to as the Clean Water Act) (Act of June 30, 1948, c. 758, 62 Stat. 1155 (33 U.S.C. 1251 et seq.)), the National Historic Preservation Act (Pub. L. 89-665, 80 Stat. 915 (Oct. 15, 1966) (16 U.S.C. 470 et seq.)), the Migratory Bird Treaty Act (16 U.S.C. 703 et seq.), the Clean Air Act (42 U.S.C. 7401 et seq.), the Archeological Resources Protection Act (Pub. L. 96-95, 16 U.S.C. 470aa et seq.), the Safe Drinking Water Act (42 U.S.C. 300f et seq.), the Noise Control Act (42 U.S.C. 4901 et seq.), the Solid Waste Disposal Act, as amended by the Resource Conservation and Recovery Act (42 U.S.C. 6901 et seq.), the Comprehensive Environmental Response, Compensation, and Liability Act (42 U.S.C. 9601 et seq.), the Federal Land Policy and Management Act (Pub. L. 94-579, 43 U.S.C. 1701 et seq.), the Fish and Wildlife Coordination Act (Pub. L. 73-121, 48 Stat. 401, 16 U.S.C. 661 et seq.), the Archaeological and Historic Preservation Act (Pub. L. 86-523, 16 U.S.C. 469 et seq.), the Antiquities Act (16 U.S.C. 431 et seq.), the Historic Sites, Buildings, and Antiquities Act (16 U.S.C. 461 et seq.), the Arizona-Idaho Conservation Act of 1988 (Pub. L. 100-696, 16 U.S.C. 460xx et seq.), the Wild and Scenic Rivers Act (Pub. L. 90-542, 16 U.S.C. 1281 et seq.), the Farmland Protection Policy Act (7 U.S.C. 4201 et seq.) and the Administrative Procedure Act (5 U.S.C. 551 et seq.). I reserve the authority to make further waivers from time to time under the authority granted to me by section 102(c) of the IIRIRA, as amended by section 102 of the REAL ID Act, as I may determine to be necessary to accomplish the provisions of section 102 of IIRIRA.

Dated: 10/19/07

Michael Chertoff
Secretary of Homeland Security