UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DEFENDERS OF WILDLIFE and SIERRA CLUB; ) ) | Case No: 07-1801 (ESH) |
| Plaintiffs, ) ) | **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** |
| vs. ) ) |  |
| MICHAEL CHERTOFF, Secretary, Department of Homeland Security, et al., ) ) ) |  |
| Defendants. ) ) ) ) |  |

Plaintiffs oppose defendants' motion to dismiss, which is predicated on plaintiffs' statutory challenge under the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321, et seq., the Arizona-Idaho Conservation Act, 16 U.S.C. § 460xx-1, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, to defendants' decision to allow construction of a border wall and road in the San Pedro Riparian National Conservation Area ("San Pedro NCA") in Arizona.  See Complaint (Docket Entry ("DE") No. 1, filed Oct. 5, 2007).  The sole basis on which defendants seek to dismiss that Complaint is that the Secretary of the Department of Homeland Security ("DHS") has waived the application of these statutes pursuant to Section 102(c) of the REAL ID Act.  Defendants' Motion to Dismiss ("Def. Motion") (DE No. 8, filed Oct. 22, 2007).

However, as explained below, plaintiffs' original Complaint is hereby superseded by plaintiffs' Amended Complaint, which specifically challenges the constitutionality of the DHS Secretary's waiver.  See Amended Complaint (DE No. 13, filed Nov. 1, 2007).  Accordingly, defendants' motion to dismiss is moot.

## BACKGROUND

On October 10, 2007, this Court granted plaintiffs' Motion for a Temporary Restraining Order against defendants' construction of a border wall and road in the San Pedro NCA in light of plaintiffs' likelihood of success on the merits and the irreparable harm they would suffer should the project go forward at this time.  Thus, the Court ordered that "construction of, and the activities related to the construction of, all border walls, fences or roads within the San Pedro Riparian National Conservation Area [are to] be halted immediately pending further order of the Court."

On October 27, 2007, the DHS Secretary issued a Federal Register notice waiving the application of nineteen laws—including those at issue here—in connection with this project.  72 Fed. Reg. 60870.  The Secretary issued this notice pursuant to Section 102(c)(1) of the REAL ID Act, which provides him with "the authority to waive all legal requirements such Secretary, in

1

such Secretary's sole discretion, determines necessary to ensure expeditious construction" of border roads and barriers.  Pub. L. No. 109-13; 8 U.S.C. § 1103 Note.

## ARGUMENT

The REAL ID Act provides that any waiver decision under the Act "shall be effective upon being published in the Federal Register," and further provides that "[t]he district courts of the United States shall have exclusive jurisdiction to hear all causes or claims arising from any" such waiver.  § 102(c)(2)(A); Pub. L. No. 109-13; 8 U.S.C. § 1103 Note.  In particular, the District Courts may resolve claims "alleging a violation of the Constitution of the United States." § 102(c)(2)(A).  Such action or claim "shall be filed not later than 60 days after the date of action or decision" made by the DHS Secretary.  § 102(c)(2)(B).

As reflected in plaintiffs' Amended Complaint, plaintiffs hereby challenge the constitutionality of the DHS Secretary's waiver determination in connection with the San Pedro NCA border wall project.  Specifically, Plaintiffs allege that the waiver authority, and the DHS Secretary's use of that authority in this case, violates the Constitution's Separation of Powers principles and impermissibly delegates legislative powers to the DHS Secretary, a politically-appointed Executive Branch official.

By its own terms, defendants' Motion to Dismiss is premised on plaintiffs' original Complaint, which "rest[ed] entirely on statutory requirements that the Secretary has duly suspended under the waiver authority."  Def. Motion at p. 2.  Indeed, defendants assert that "[t]he Secretary's waiver authority is plenary and dispositive here."  Id. at p. 4.  Yet, as noted above, DHS Secretary Chertoff's invocation of the waiver authority is neither plenary nor dispositive, as the REAL ID Act explicitly provides judicial review of constitutional claims arising from the waiver.  Plaintiffs in this case have now amended their complaint, as of right, to challenge the constitutionality of the waiver authority, a claim that was not at issue and could not have been alleged earlier in the lawsuit, given that Secretary Chertoff had not yet utilized that authority.

Because plaintiffs' amended complaint alleges constitutional claims and causes of action that are not addressed in defendants' Motion to Dismiss, that Motion must be denied. See Bancoult v. McNamara, 214 F.R.D. 5, 13 (D.D.C. 2003) (denying without prejudice "all pending motions pertaining to the original complaint" where the plaintiff had filed a "supersed[ing] ... amended complaint"); see also Young v. City of Mount Rainer, 238 F.3d 566, 572 (4th Cir. 2001) (holding that "[a]s a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect") (internal quotations and citations omitted)).  Additionally, the Motion to Dismiss should not be granted with respect to plaintiffs' statutory claims, because the DHS Secretary's waiver of these laws will have no legal effect if the waiver or the underlying authority in section 102 of the REAL ID Act is found unconstitutional—in which case defendants once again must comply with NEPA, the Arizona-Idaho Conservation Act, and the APA.  Plaintiffs thus respectfully request that the Court stay the statutory claims pending a determination of the constitutionality of the DHS Secretary's action.

## CONCLUSION

For the foregoing reasons, plaintiffs respectfully request that the Court deny defendants' motion to dismiss.

Respectfully Submitted this 1st day of November, 2007.

_____/s/_____
Brian Segee (D.C. Bar. 492098)
Defenders of Wildlife
1130 Seventeenth Street, N.W.
Washington, D.C. 20036
(202) 682-9400
(202) 682-1331 (fax)

_____/s/_____
Robert Dreher (D.C. Bar. 398722)
Defenders of Wildlife
1130 Seventeenth Street, N.W.
Washington, D.C. 20036
(202) 682-9400
(202) 682-1331 (fax)

_____/s/_____
Howard M. Crystal (D.C. Bar. No. 446189)
Meyer Glitzenstein & Crystal
1601 Connecticut Avenue, N.W., Suite 700
Washington, D.C.  20009
(202) 588-5206
(202) 588-5049 (fax)

Counsel for Plaintiffs

4

CERTIFICATE OF SERVICE

I HEREBY certify that a true and correct copy of the foregoing plaintiffs' Opposition to defendants' Motion to Dismiss has been served on defendants' attorney Gregory Page through the Court's electronic transmission facilities on this 1st day of November, 2007.

/s/
_____

Brian Segee, D.C. Bar No. 492098
Defenders of Wildlife
1130 Seventeenth Street, N.W.
Washington, D.C. 20036
(202) 682-9400