IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEFENDERS OF WILDLIFE and<br>SIERRA CLUB;<br><br>         Plaintiffs<br><br>v.<br><br>U.S. DEPARTMENT OF THE INTERIOR;<br>U.S. BUREAU OF LAND MANAGEMENT;<br>UNITED STATES ARMY CORPS OF<br>ENGINEERS; AND U.S. DEPARTMENT<br>OF HOMELAND SECURITY<br><br>         Defendants. | Case No. 1: 07-CV-01801 (ESH) |

**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION
TO DEFENDANTS' MOTION TO DISMISS**

**I. INTRODUCTION**

Initially, plaintiffs commenced this lawsuit under two environmental statutes to block construction of border barriers in a 1.5-mile right-of-way in the San Pedro Riparian National Conservation Area. After this Court entered a temporary restraining order stopping that construction, the Secretary of the Department of Homeland Security invoked a waiver of the applicable statutes under the Border Fence Act. Defendants then filed a Motion to Dismiss Complaint and Dissolve Injunction for Failure to State a Claim. On 26 October, the Court dissolved its temporary restraining order, and construction of the barriers has now

1

resumed.

The crux of defendants' pending motion to dismiss is twofold: (1) the plain words of the Border Fence Act and other statutes give the Secretary of the U.S. Department of Homeland Security ("Homeland Security" or "Secretary") the authority to "waive all legal requirements" delaying "expeditious construction of the barriers and roads" challenged here and (2) the Secretary has so waived all of the statutory requirements underlying plaintiffs' original complaint. Pub. L. No. 109-13, 119 Stat. 231, 8 U.S.C. § 1103 Note.

In their Opposition to Defendants' Motion to Dismiss ("Pl. Opp."), plaintiffs do not dispute this threshold argument. Pl. Opp. at 2-3. Instead, unable to show a statute germane to their lawsuit that the Secretary did not waive, plaintiffs have now amended their complaint to include a new constitutional claim that the Secretary cannot waive: plaintiffs allege for the first time in their amended complaint that Congress violated the Constitution by delegating the Border Fence Act's waiver authority "to an executive branch agency." First Amended Complaint for Declaratory and Injunctive Relief at ¶ 37 (filed 1 November 2007).

Federal defendants do not dispute that plaintiffs have amended their complaint as of right under Rule 15(a)(1)(A), Fed. R. Civ. Therefore, federal defendants respectfully request this Court to (1) dismiss their pending Rule 12(b)(1) and (6) motion without prejudice because they premised this motion on a complaint that has now been superseded under the Federal Rules and (2) adopt a briefing schedule to resolve plaintiffs' new constitutional claim because that remaining claim is now dispositive.

## II. ARGUMENT

### A. PLAINTIFFS' AMENDED COMPLAINT SUPERSEDES THEIR ORIGINAL COMPLAINT

Because plaintiffs amended their complaint "before being served with a responsive pleading," Rule 15(a)(1) provides that this amendment is effective "as a matter of course." Further, "it is well-established that the amended pleading supersedes the original pleading." Wellness Community-National v. Wellness House, 70 F.3d 46, 49 (7th Cir. 1995); see also Morlan v. Universal Guar. Life Ins., 298 F.3d 6-9, 617 (7th Cir. 2002)(filing amended complaint "the equivalent of filing a new suit").

Federal defendants' pending motion to dismiss is specific to plaintiffs' original complaint. Therefore, as plaintiffs' proffered case authority points out, the best remedy in this situation would be for the Court to deny "without prejudice all pending motions pertaining to the original complaint." Bancoult v. McNamara, 214 F.R.D. 5, 13 (D.D.C.2003)("McNamara"); see also Pl. Opp. at 3 (citing McNamara).

### B. A NEW BRIEFING SCHEDULE LIMITED TO THE THRESHOLD CONSTITUTIONAL CLAIM THAT PLAINTIFFS NOW RAISE WOULD ADVANCE JUDICIAL ECONOMY AND EFFICIENCY

On two independent grounds, adopting a briefing schedule limited to plaintiffs' new constitutional claim would advance judicial economy and efficiency. First, the constitutional issue that plaintiffs now raise is dispositive. As mentioned above, supra at 2, plaintiffs do not dispute that the Secretary has exercised his authority under the Border Fence Act and related statutes to waive all of the statutory requirements on which this lawsuit rests.

3

Therefore, if this Court agrees with federal defendants that plaintiffs' remaining constitutional claim is also without merit, then the Court lacks "jurisdiction to hear" plaintiffs' remaining claims under federal law. Pub. L. No. 109-13, 119 Stat. 231, 8 U.S.C. § 1103 Note (Section 102(c)(2) of the Border Fence Act). Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94 (1998); Casey v. Lewis, 4 F.3d 1516, 1519 (9th Cir. 1993)(before deciding other issues, "first and fundamental question is that of jurisdiction, first, of this court").

Second, plaintiffs' constitutional challenge to the Border Fence Act is not new but, instead, has been both raised and rejected before.[1] Thus, a briefing schedule to address plaintiffs' remaining constitutional claim would advance judicial economy by providing federal defendants with a mechanism for expeditiously moving to dismiss plaintiffs' amended complaint under Rules 12(b)(1) and (6), Fed. R. Civ. P.

## III. CONCLUSION

For the reasons specified above, federal defendants respectfully request the Court to (1) dismiss their pending Rule 12(b)(1) and (6) motion without prejudice because

---

[1] A constitutional claim that is identical in all relevant respects to plaintiffs' new claim (1) was rejected in Sierra Club v. Ashcroft, Civ. No. 04-272, slip. op. at 7-12 (S.D. Cal.)(Dec. 13, 2005) and (2) is pending before Judge Lamberth in Save Our Heritage Organization v. Gonzalez, Civil No. 07-308 RCL (D.D.C.)

that motion is specific to a superseded complaint and (2) adopt a briefing schedule limited to plaintiffs' remaining constitutional claim because that claim is now dispositive.

Respectfully submitted,

_____
GREGORY D. PAGE, D.C. Bar 398121
Environment and Natural Resources
　 Division
U.S. Department of Justice
P.O. Box 663
Washington, D.C. 20044-0663
Telephone: (202) 305-0446
Attorney for the Federal Defendants

## CERTIFICATE OF SERVICE

I certify that true and correct copies of the foregoing Defendants' Reply to Plaintiffs' Opposition to Defendants' Motion to Dismiss were served on 8 November 2007 by electronic filing to:

>Robert G. Dreher
>Brian Segee
>Defenders of Wildlife
>1130 17th Street, N.W.
>Washington, D.C. 20036


>_____
>Gregory D. Page