IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEFENDERS OF WILDLIFE and SIERRA CLUB <br><br> Plaintiffs <br><br> v. <br><br> MICHAEL CHERTOFF, Secretary <br> U.S. Department of Homeland Security <br><br> U.S DEPARTMENT OF HOMELAND SECURITY <br><br> DIRK KEMPTHORNE, Secretary <br> U.S. Department of the Interior <br><br> U.S. DEPARTMENT OF THE INTERIOR <br><br> JIM CASWELL, Director <br> Bureau of Land Management <br><br> BUREAU OF LAND MANAGEMENT <br><br> LIEUTENANT GENERAL ROBERT L. VAN ANTWERP, Commanding General and Chief of Engineers, U.S. Army Corps of Engineers <br><br> U.S. ARMY CORPS OF ENGINEERS <br><br> Defendants. | Civil Action No. 1:07-CV-01801 (ESH) |

**DEFENDANTS' RENEWED MOTION TO DISMISS AMENDED COMPLAINT**

On October 26, 2007, the Secretary of the U.S. Department of Homeland Security invoked and applied his statutory waiver authority with respect to the public lands at issue in this

litigation, pursuant to section 102 of the of the Illegal Immigration Reform and Immigrant Responsibilities Act of 1996, as amended, Pub. L. No. 109-13, 119 Stat. 231, 8 U.S.C. § 1103 (note).  Given this waiver determination, Plaintiffs have filed an Amended Complaint alleging that the Secretary's waiver authority is constitutionally impermissible.  The Plaintiffs' constitutional argument must fail, however, as the legislation providing the Secretary with waiver authority contains a sufficiently intelligible principle to survive constitutional scrutiny.  This Court does not retain jurisdiction to hear Plaintiffs' remaining statutory claims.   Therefore, pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure, federal defendants respectfully move this Court to dismiss Plaintiffs' Amended Complaint.  A memorandum of law follows.

                Respectfully Submitted,

_____
STEPHEN J. BUCKINGHAM
Attorney (MD Bar)
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W. Rm. 7119
Washington, DC 20530
Telephone: (202) 514-3330
Facsimile: (202) 616-8470
Email: stephen.buckingham@usdoj.gov

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEFENDERS OF WILDLIFE and SIERRA CLUB<br><br>Plaintiffs<br><br>v.<br><br>MICHAEL CHERTOFF, Secretary<br>U.S. Department of Homeland Security<br><br>U.S DEPARTMENT OF HOMELAND SECURITY<br><br>DIRK KEMPTHORNE, Secretary<br>U.S. Department of the Interior<br><br>U.S. DEPARTMENT OF THE INTERIOR<br><br>JIM CASWELL, Director<br>Bureau of Land Management<br><br>BUREAU OF LAND MANAGEMENT<br><br>LIEUTENANT GENERAL ROBERT L. VAN ANTWERP, Commanding General and Chief of Engineers, U.S. Army Corps of Engineers<br><br>U.S. ARMY CORPS OF ENGINEERS<br><br>Defendants. | Civil Action No. 1:07-CV-01801 (ESH) |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR
RENEWED MOTION TO DISMISS THE AMENDED COMPLAINT**

I.    **FACTUAL AND STATUTORY BACKGROUND**

On October 26, 2007, the Secretary of the U.S. Department of Homeland Security ("the Secretary"), acting pursuant to an express grant of authority contained in section 102(c) of the Illegal Immigration Reform and Immigrant Responsibilities Act of 1996 ("IIRIRA"), as amended, Pub. L. No. 109-13, 119 Stat. 231, 8 U.S.C. § 1103 (note) (the "Waiver Legislation"), waived certain legal requirements to ensure the expeditious construction of physical barriers and roads in the lands covered by the temporary restraining order previously entered in this case. See 72 Fed. Reg. 60870 (October 26, 2007). Among other statutory requirements, the Secretary specifically waived the application of the statutes which had served as the basis for the Plaintiffs' initial challenge to the legality of the construction. Id. (waiving, inter alia, the applicability of the National Environmental Policy Act, the Arizona-Idaho Conservation Act of 1988, and the Administrative Procedure Act). The Secretary also determined that the area in question "is an area of high illegal entry[,]" and that "[t]here is presently a need to construct fixed and mobile barriers . . . and roads" in the area. Id.

The Waiver Legislation expressly grants the Secretary the authority to waive such legal requirements. The Legislation provides "[n]otwithstanding any other provision of law, the Secretary of Homeland Security shall have the authority to waive all legal requirements such Secretary, in such Secretary's sole discretion, determines necessary to ensure expeditious construction of the barriers and roads under this section." IIRIRA, § 102(c)(1).[1] Additionally,

---

[1] Congress has significantly amended the Waiver Legislation since its original enactment, which provided the Attorney General with limited waiver authority. See Pub. L. No. 104-208, Division C, § 102. For a brief overview of the statutory background of the Legislation, please refer to the Government's memorandum in support of its initial Motion to Dismiss. Paper No. 8, pp. 2-4.

Congress limited challenges to the exercise of the waiver authority to allegations of constitutional violations. Id. § 102(c)(2)(A).

In response to the Secretary's waiver, Plaintiffs have amended their complaint to include a challenge to the constitutionality of the Waiver Legislation, alleging that the Legislation constitutes an impermissible delegation of legislative authority to the Executive Branch. Am. Compl. ¶¶ 34-40.

## II.    ARGUMENT

As the United States District Court for the Southern District of California recently held, a non-delegation doctrine challenge to the Waiver Legislation is without merit. See Sierra Club v. Ashcroft, No. 04-CV-0272, 2005 U.S. Dist. LEXIS 44244, at *21 (S.D. Cal. Dec. 13, 2005) (finding the necessity standard contained in section 102 of IIRIRA constitutionally adequate for delegating waiver authority to the DHS Secretary).[2] It is well established that, because Congress could not function without the ability to delegate, Congress may authorize another branch of government to carry out its law-making authority so long as it provides "an intelligible principle to which the person or body authorized to [act] is directed to conform." J.W. Hampton, Jr. Co. v. United States, 276 U.S. 394, 409 (1928). To provide a constitutionally permissible "intelligible principle," Congress need only "clearly delineate[] the general policy, the public agency which is to apply it, and the boundaries of this delegated authority." Mistretta v. United States, 488 U.S. 361, 372-73 (1989) (quoting American Power & Light Co. v. SEC, 329 U.S. 90, 105 (1946)).

The Waiver Legislation meets these requirements and is thus constitutionally sufficient.

---

[2] A second action challenging both the San Diego fence and barrier activities in Arizona is pending on a motion to dismiss before Judge Lamberth. See Save Our Heritage Org. v. Gonzales, No. 07-cv-0308 (RCL) (D.D.C.).

The waiver authority is expressly vested in the Secretary of DHS, IIRIRA, § 102(c)(1), the Legislation contains a "clearly delineate[d] general policy" of improving U.S. border protection, Id. § 102(a), and it contains the required method of achieving that goal. Id. § 102(b). In furtherance of the general homeland security policy, the Waiver Legislation permits the Secretary to "waive all legal requirements [that he] determines *necessary to ensure expeditious construction of the barriers and roads* under this section." Id. § 102(c) (emphasis added). Not only does this clause (and the surrounding statutory framework) establish a policy to guide the Secretary (i.e., that improving border protection by expediting the construction of necessary barriers and roads is a high Congressional priority), but it also marks the "boundaries of this delegated authority." See Mistretta, 488 U.S. at 372-73. The Waiver may be exercised *only* when the Secretary makes a *determination of necessity*. The Supreme Court already has held that a "necessity" standard "fits comfortably within the scope of discretion permitted by [its] precedent." Whitman, 531 U.S. at 475-76; see also Touby v. United States, 500 U.S. 160, 163 (1991) (approving delegation to the Attorney General the authority to designate a drug as a controlled substance for purposes of criminal drug enforcement if doing so was "necessary to avoid an imminent hazard to the public safety"); Sierra Club, 2005 U.S. Dist. LEXIS 44244, at *21.

  Moreover, Congress may delegate in even broader terms than generally used where the delegation relates to powers over which the Executive Branch already maintains significant independent control. See Loving, 517 U.S. at 772 (finding that delegations may be broader than in other contexts "where the entity exercising the delegated authority itself possesses independent authority over the subject matter") (internal quotations and citations omitted). The Waiver

Legislation, which relates to matters of immigration policy, foreign affairs, and national security, falls squarely within these areas.  See, e.g., Knauff v. Shaughnessy, 338 U.S. 537, 542-43 (1950) ("The exclusion of aliens is a fundamental act of sovereignty . . . [and] is inherent in the executive power to control the foreign affairs of the nation.") (citations omitted); Sierra Club, 2005 U.S. Dist. LEXIS 44244, at *22-23.

      The Waiver Legislation contains a sufficiently intelligible principle to survive constitutional scrutiny and Plaintiffs claims to the contrary should be dismissed.  This Court does not have jurisdiction to hear Plaintiffs' remaining statutory claims.  IIRIRA, § 102(c)(2)(A) (providing that "[a] cause of action or claim may only be brought alleging a violation of the Constitution of the United States. The court shall not have jurisdiction to hear any claim not specified in this subparagraph.").  Therefore, pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure, federal defendants respectfully move this Court to dismiss Plaintiffs' Amended Complaint.

      DATED: November 14, 2007

PETER D. KEISLER
Assistant Attorney General

CARL NICHOLS
Deputy Assistant Attorney General

SANDRA M. SCHRAIBMAN
Assistant Director
DC Bar 188599

_____
STEPHEN J. BUCKINGHAM
Attorney (MD Bar)

U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W. Rm. 7119
Washington, DC 20530
Telephone: (202) 514-3330
Facsimile: (202) 616-8470
Email: stephen.buckingham@usdoj.gov

GREGORY D. PAGE
DC Bar 398121
U.S. Department of Justice
Environment and Natural Resources
    Division
P.O. Box 663
Washington, DC 20044-0663
Telephone: (202) 305-0446
Facsimile:  (202) 305-0505
E-mail: gregroy.page@usdoj.gov

<u>Certificate of Service</u>

      I hereby certify that true and correct copies of the foregoing Defendants' Renewed Motion to Dismiss Amended Complaint were served on November 14, 2007, by electronic filing to:

    Robert G. Dreher
    Brian Segee
    Defenders of Wildlife
    1130 17th Street, NW
    Washington, DC 20036

    Harold M. Crystal
    Meyer Glitzen & Crystal
    1601 Connecticut Avenue, NW
    Suite 700
    Washington, DC 20009


                                                               _____
                                                               STEPHEN J. BUCKINGHAM

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DEFENDERS OF WILDLIFE and SIERRA CLUB | ) ) ) ) | |
| Plaintiffs | ) ) ) | |
| v. | ) ) | Civil Action No. 1:07-CV-01801 (ESH) |
| MICHAEL CHERTOFF, Secretary U.S. Department of Homeland Security | ) ) ) ) | |
| U.S DEPARTMENT OF HOMELAND SECURITY | ) ) ) ) | |
| DIRK KEMPTHORNE, Secretary U.S. Department of the Interior | ) ) ) ) | |
| U.S. DEPARTMENT OF THE INTERIOR | ) ) | |
| JIM CASWELL, Director Bureau of Land Management | ) ) ) ) | |
| BUREAU OF LAND MANAGEMENT | ) ) | |
| LIEUTENANT GENERAL ROBERT L. VAN ANTWERP, Commanding General and Chief of Engineers, U.S. Army Corps of Engineers | ) ) ) ) ) | |
| U.S. ARMY CORPS OF ENGINEERS | ) ) ) | |
| Defendants. | ) ) | |

**ORDER**

Having reviewed federal Defendants' Renewed Motion to Dismiss Amended Complaint,

filed under Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure, and Plaintiffs'

response to it, the Court hereby dismisses Plaintiffs' amended complaint with prejudice.

_____

Hon. Ellen Segal Huvelle
U.S. District Court Judge